**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

COLONIAL SURETY COMPANY
1423 State Road
Duncannon, PA  17020,

        Plaintiff,

    vs.

FRENCHCREEK TOWNSHIP
4507 Georgetown Road
Franklin, PA  16323

NORTHWEST ENGINEERING, INC.
R.R. 1, Box Q
Tidioute, PA  16351

RAYMOND S. WOODARD, ESQ.
1030 Liberty Street
Franklin, PA  16323-3212

        Defendants.

DOCKET NO. 05-116 ERIE

ELECTRONICALLY FILED

**DEFENDANTS' FRENCHCREEK TOWNSHIP AND RAYMOND S. WOODARD,**
**ESQUIRE'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES**
**AND CROSS-CLAIM**

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

1

6.      Defendants are without knowledge or information sufficient so as to form a belief to the truth of the averments of Paragraph 6 and therefore, the same are denied.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     It is admitted that Mr. Bloomgren of Northwest wrote a memorandum to Mr. Woodard on February 28, 2005 stating that Colonial could not bond the project. The remaining averments of Paragraph 11 are denied.

12.     Defendants are without knowledge or information sufficient so as to form a belief to the truth of the averments of Paragraph 12 and therefore, the same are denied.

13.     Defendants are without knowledge or information sufficient so as to form a belief to the truth of the averments of Paragraph 13 and therefore, the same are denied.

14.     Defendants are without knowledge or information sufficient so as to form a belief to the truth of the averments of Paragraph 14 and therefore, the same are denied.

15.     Admitted only to the extent that Exhibit D purports to be a letter to Mr. Bloomgren from Larry Miller.  As to the contents of the letter, the letter speaks for itself.

16.     Defendants are without knowledge or information sufficient so as to form a belief to the truth of the averments of Paragraph 16 and therefore, the same are denied.

Case No.  05-116-ERIE

17.    It is admitted that Northwest, Mr. Woodard and the Township refused to retract their rejection of Colonial's bonds.  The remaining averments of Paragraph 17 are denied.

18.    Admitted.

19.    Admitted.

20.    Denied.

21.    The averments of Paragraph 21  contain legal conclusions to which no response is necessary.    To the extent that a response may be required, it is admitted that this Court has jurisidiction over the issues presented in this Complaint.


## COUNT I

**Colonial Surety Company
v.
Frenchcreek Township,
Northwest Engineering, Inc.
and
Raymond Woodard**


22.    To the extent that Plaintiff incorporates Paragraphs 1-21 of the Complaint, these Defendants incorporate their answers thereto as if fully set forth at length herein.

23.    The averments of Paragraph 23  contain legal conclusions to which no response is necessary.    To the extent that a response may be required, the allegations contained in this Paragraph are denied.

3

Case No.  05-116-ERIE

24.    The averments of Paragraph 24 contain legal conclusions to which no response is necessary. To the extent that a response may be required, the allegations contained in this Paragraph are denied.

25.    The averments of Paragraph 25 contain legal conclusions to which no response is necessary. To the extent that a response may be required, the allegations contained in this Paragraph are denied.

26.    The averments of Paragraph 26 contain legal conclusions to which no response is necessary. To the extent that a response may be required, the allegations contained in this Paragraph are denied.

27.    The averments of Paragraph 27 contain legal conclusions to which no response is necessary.  To the extent that a response may be required, the allegations contained in this Paragraph are denied.


**WHEREFORE**, the Defendants, Frenchcreek Township and Raymond S. Woodard, Esquire, demand judgment in their favor and against the Plaintiff and Co-Defendant.

Case No.  05-116-ERIE

## COUNT II

**Colonial Surety Company**
**v.**
**Frenchcreek Township,**
**Northwest Engineering, Inc.**
**and**
**Raymond Woodard**

28.    To the extent that Plaintiff incorporates Paragraphs 1-27 of the Complaint, these

Defendants incorporate their answers thereto as if fully set forth at length herein.

29.    The averments of Paragraph 29  contain conclusions of law to which no response

is necessary.  To the extent that a response may be required, said averments are

denied with strict proof thereof demanded at time of trial.

30.    Denied.

31.    Admitted.

32.    Denied.

33.    Denied.

34.    Denied.

35.    It is denied that these Defendants had any objective in interfering with and ending

Colonial's contractual relationship with Horizon.

36.    These Defendants are without knowledge or information sufficient to form a belief

as to the truth of the averments of Paragraph 36 and therefore, the same are

denied.

Case No.  05-116-ERIE

37.    The averments of Paragraph 37  contain conclusions of law to which no response is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial.

38.    The averments of Paragraph 38  contain conclusions of law to which no response is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial.

39.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 39 and therefore, the same are denied.

**WHEREFORE**, the Defendants, Frenchcreek Township and Raymond S. Woodard, Esquire, demand judgment in their favor and against the Plaintiff and Co-Defendant.

Case No.  05-116-ERIE

## COUNT III

**Colonial Surety Company**
**v.**
**Frenchcreek Township,**
**Northwest Engineering, Inc.**
**and**
**Raymond Woodard**

40.     To the extent that Plaintiff incorporates Paragraphs 1-39 of its Complaint, these

Defendants incorporate their answers thereto as if fully set forth at length herein.

41.     Denied.  To the contrary, these Defendants never questioned Colonial's ability to

write bonds or do business in Pennsylvania.  These Defendants only questioned

the reinsurer Partner's licensure in Pennsylvania.

42.      It is denied that and statements of Defendants were false or impugned Colonial's

integrity with respect to its business.

43.     These Defendants deny that they made, published or disseminated false

representations regarding Colonial's conduct.

44.     Denied.  These Defendants made no false statements.

45.     Denied.  These Defendants did not publish any false statements.

46.     It is denied that these Defendants issued any false statements.  As to what

recipients of any statements made by the Defendants understood the statements

to mean, these Defendants are without information or knowledge sufficient so as to

form a belief as to their truth and therefore, the same are denied.

7

Case No.  05-116-ERIE

47.    The averments of Paragraph 47  contain conclusions of law to which no response is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial.

48.    The averments of Paragraph 48  contain conclusions of law to which no response is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial.

49.    The averments of Paragraph 49  contain conclusions of law to which no response is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial.

**WHEREFORE**, Defendants, Frenchcreek Township and Raymond S. Woodard, Esquire, demand judgment in their favor and against the Plaintiff and Co-Defendant.

## COUNT IV

**Colonial Surety Company**
**v.**
**Frenchcreek Township,**
**Northwest Engineering, Inc.**
**and**
**Raymond Woodard**

50.    To the extent that Plaintiff incorporates Paragraphs 1 through 49 of its Complaint, these Defendants incorporate their answers as if fully set forth herein.

51.    Denied.

52.    Denied.

53.    The averments of Paragraph 53  contain conclusions of law to which no response

8

is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial

54.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 54 and therefore, the same are denied.

55.    Denied.

56.    Denied.

57.    Paragraph 57 is a statement to which no response is necessary.  To the extent that it implies that these Defendants were attempting to do something illegal or improper, the averments of Paragraph 57 are denied.

58.    The averments of Paragraph 58 contain conclusions of law to which no response is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial.

59.    It is denied that these Defendants misrepresented any information whatsoever.

60    Denied.

61.    It is denied that these Defendants reports to the Township concerning Colonial were false and misleading.

62.    Denied.

63.    Denied.  It is denied that these Defendants misrepresented any information in their dealings with the Township.

64.    The averments of Paragraph 64 contain conclusions of law to which no response

is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial.

65.   The averments of Paragraph 65  contain conclusions of law to which no response is necessary.  To the extent that a response may be required, said averments are denied with strict proof thereof demanded at time of trial.

**WHEREFORE**, Defendants, Frenchcreek Township and Raymond S. Woodard, Esquire, demand judgment in their favor and against the Plaintiff and Co-Defendant.

## FIRST AFFIRMATIVE DEFENSE

66.   The Complaint fails to state a claim against answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

67.   Defendants, Frenchcreek Township and Raymond S. Woodard, Esquire, aver that they have engaged in no wrongdoing or improper conduct whatsoever.

## THIRD AFFIRMATIVE DEFENSE

68.   Defendants, Frenchcreek Township and Raymond S. Woodard, Esquire, assert the defense of immunity under Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, et seq.

## FOURTH AFFIRMATIVE DEFENSE

69.   In addition to the governmental immunities conferred by the Political Subdivision

Case No.  05-116-ERIE

Tort Claims Act, these Defendants plead the limitations on damages which are recoverable by Plaintiff in the present action, if any, pursuant to Section 8549 and Section 8553 of the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, et seq.

## FIFTH AFFIRMATIVE DEFENSE

70.  These Defendants set forth as a complete bar to this action any applicable statute of limitations and/or the doctrines of waiver, estoppel and laches.

## SIXTH AFFIRMATIVE DEFENSE

71.  The injuries, losses and damages allegedly sustained by Plaintiff were the sole and proximate result of the negligence, carelessness and recklessness of other Defendants over which these Defendants had no control.

## SEVENTH AFFIRMATIVE DEFENSE

72.  Plaintiff has failed to mitigate its damages as required by law.

## EIGHTH AFFIRMATIVE DEFENSE

73.  The injuries, losses and damages allegedly sustained by the Plaintiff were the sole and proximate result of intervening and superseding causes over which these Defendants had no control.

## NINTH AFFIRMATIVE DEFENSE

74.  These Defendants assert the defense of privilege.

Case No. 05-116-ERIE

## TENTH AFFIRMATIVE DEFENSE

75.    These Defendants assert the defense of immunity for high public officials.

## ELEVENTH AFFIRMATIVE DEFENSE

76.    These Defendants assert the defense of truth in their statements.

   **WHEREFORE**, Defendants, Frenchcreek Township and Raymond S. Woodard, Esquire, demand judgment in their favor and against the Plaintiff and Co-Defendant.

## CROSS-CLAIM UNDER RULE 13

77.    In the event Plaintiff is entitled to a recovery, which right is denied, then Co-Defendant Northwest Engineering, Inc. is liable to Cross-Claimants Frenchcreek Township and Raymond S. Woodard, Esquire for all of Plaintiff's claims against Cross-Claimants for the reasons set forth in Plaintiff's Complaint.

78.    For purposes of this Cross-Claim, Cross-Claimants incorporate those portions of Plaintiff's Complaint directed to Co-Defendant Northwest Engineering, Inc. as if fully set forth at length herein.

   **WHEREFORE**, Defendants, Frenchcreek Township and Raymond S. Woodard, Esquire, demand judgment in their favor and against the Plaintiff and Co-Defendant.

Respectfully submitted:

Case No.  05-116-ERIE

_____ *s/ John L. Kwasneski* _____
John L. Kwasneski, Esquire
I.D. No.:  PA37566

LAW OFFICES OF PAUL T. GRATER
Two Gateway Center, Suite 1673
Pittsburgh, PA  152222
Ph.: 412-434-6611; Fax: 412-434-7677

E-mail: John.Kwasneski@selective.com

Counsel for Defendants, Frenchcreek
Township and Raymond S. Woodard,
Esquire

13

Case No.  05-116-ERIE

**PROOF OF SERVICE**

I hereby certify that on July 5, 2005, a copy of the foregoing Answer to Plaintiff's

Complaint was mailed via first class mail, postage prepaid to:


Larry L Miller, Esquire
Miller Law Office, P.C.
1423 State Road
Duncannon, PA  17020
717-957-2828
Counsel for Plaintiff


NORTHWEST ENGINEERING, INC.
R.R. 1, Box Q
Tidioute, PA  16351
Co-Defendant


*s/ John L. Kwasneski*
John L. Kwasneski, Esquire
Pa. I.D. #37566
LAW OFFICES OF PAUL T. GRATER
Two Gateway Center, Suite 1673
Pittsburgh, PA  152222
412-434-6611; Fax: 412-434-7677

14