IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| COLONIAL SURETY COMPANY | : | |
| | : | ELECTRONICALLY FILED |
| Plaintiff | : | |
| | : | |
| v. | : | DOCKET NO. 05-116 Erie |
| | : | |
| FRENCHCREEK TOWNSHIP | : | |
| NORTHWEST ENGINEERING, INC. | : | |
| RAYMOND S. WOODARD, ESQ. | : | |
| | : | |
| Defendants | : | |

COLONIAL SURETY COMPANY'S ANSWER TO
MOTION TO DISMISS OF NORTHWEST ENGINEERING, INC.

Colonial Surety Company ("Colonial") hereby answers the Motion to Dismiss of Northwest Engineering, Inc. ("Northwest"). The other two Defendants, Frenchcreek Township ("Township") and Raymond S. Woodard, Esquire have answered Colonial's Complaint and filed a Cross-claim against Northwest.

    1.   Denied as stated. Colonial is a Pennsylvania insurance company.

    2.   Admitted.

    3.   Admitted upon information and belief.

    4.   Admitted upon information and belief.

    5.   The above answers are incorporated herein by reference.

6. Admitted.

7. Denied as stated. Colonial seeks a declaratory judgment in Count I that, contrary to Defendants' statements and actions, its bonds fully complied with the applicable Treasury and Department of Agriculture regulations and Circulars. In Count II, Colonial seeks relief based upon Defendants' tortious interference with Colonial's known contractual relationship with Horizon Construction Group, Inc. ("Horizon"). In Count III, Colonial seeks damages caused by Defendants' trade libel of Colonial. Last, in Count IV, Colonial seeks relief against Northwest and Mr. Woodard for their negligent misrepresentations that directly caused damages to Colonial.

8. Denied as stated. Colonial's Complaint relates to Defendants' improper rejection of Colonial's surety bonds which materially damaged Colonial's business reputation as a surety and directly caused it to lose Horizon as a customer.

9. Denied. On the contrary, Colonial has averred that Defendant, Northwest, falsely and recklessly misrepresented that "Colonial Surety cannot bond a project up to this amount." Instead, Colonial's bonds were perfectly proper and Defendants had no right to recklessly and maliciously reject them.

10. Denied as an incomplete statement of the February 28, 2005 memo that improperly caused Colonial's bonds to be wrongfully rejected. Colonial incorporates by referenced Exhibit "C" to its Complaint.

11. The above answer is incorporated herein by reference.

12. Admitted.

13. Admitted. By way of further reply, Mr. Woodard has admitted that he failed to correct Northwest's misconduct and in fact, joined in Northwest's wrongful rejection of Colonial's bonds.

14. Admitted. See Exhibit "D" to Colonial's Complaint.

15. Denied. These averments are false. On the contrary, Colonial had provided Defendants with the Certificate of Re-Insurance. Additionally, the Certificate of Re-Insurance was also attached to the March 2, 2005 letter. See Exhibit "D" to Colonial's Complaint.

16. The averments of paragraph 16 are an accurate statement of fact.

17. Admitted.

18. Admitted. By way of further statement, this Court has jurisdiction as the critical dispute is whether Colonial's bonds complied with the Treasury regulations.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. The above answers are incorporated herein by reference.

24. Denied as stated. On the contrary, the Court should accept the well-pleaded allegations of Colonial's Complaint as true and draw all reasonable inferences in Colonial's favor.

25. Denied as an erroneous conclusion of law. Northwest has presented a facial challenge and thus, the Court must accept Colonial's well-pleaded allegations in the Complaint as true and draw all reasonable inferences in Colonial's favor in addressing whether the Court has jurisdiction.

26. Admitted. However, these averments are not relevant to this matter as Colonial's bonds were improperly rejected based upon an erroneous interpretation of the Treasury's regulations and the project is funded by and is being administered by the Rural Utility Services, U.S. Department of Agriculture. Part of the function of the Rural Development was to review the bonds. <u>See</u> Exhibit "F" to Colonial's Complaint. The Department of Agriculture's regulations required that Colonial's bonds comply with the Treasury regulations.

27. Colonial incorporates by reference the above paragraphs as if set forth herein.

28. Denied as stated. The averments set forth in paragraph 25 above are incorporated herein by reference.

29. Admitted. However, these averments are not relevant to this matter.

COLONIAL'S RESPONSE TO RULE 12(b)(1) MOTION

30. Colonial incorporates by reference the above paragraphs as if set forth herein.

31. Denied. These averments are false. Colonial has properly averred that this matter is controlled by the interpretation of federal law.

32. Denied as stated. On the contrary, Colonial has averred that the question of whether Colonial's bonds should have been rejected is controlled by an interpretation of federal law and federal regulations. Furthermore, the federal interests predominate as this project is being funded with federal funds and has federal oversight.

33. Denied. On the contrary, Defendants violated the regulations of the Department of Agriculture by improperly rejecting Colonial's bonds.

34. Denied. These averments are misrepresented and taken out of context. The bond was not a federal Miller Act bond. However, the bond was required to comply with the Department of Agriculture's regulations which required compliance with the Treasury regulations. Also, it is believed and therefore averred that the project specifications required compliance with the Treasury regulations.[1] Moreover, the bonds were rejected based

---

[1] These averments highlight that Northwest's motion is premature. Defendants have failed and refused to provide the project specifications which obviously need to be obtained though discovery. Similarly, the Department of Agriculture has failed and refused to provide its relevant documents and regulations which Colonial is obtaining

upon Defendants' reckless and erroneous interpretation of the Treasury's regulations and Circulars.

35. Denied.  Northwest's averments are false and inaccurate.  See above answer.

36. Denied.  These averments state an erroneous conclusion of law.

37. Denied.  These averments are false and erroneous.

WHEREFORE, Colonial Surety Company respectfully requests that this Honorable Court rule in its favor and deny Northwest Engineering, Inc.'s baseless Motion to Dismiss.

1. <u>COUNT I: DECLARATORY JUDGMENT</u>

38. Colonial incorporates by reference the above paragraphs as if set forth herein.

39. Admitted.

40. Denied.  These averments are false, frivolous, and not relevant.

WHEREFORE, Colonial Surety Company respectfully requests that this Honorable Court rule in its favor and deny Northwest Engineering, Inc.'s Motion to Dismiss Count I of Colonial's Complaint.

---

through a Freedom of Information Act request.  These documents, when obtained, will demonstrate that the project specifications and Department's regulations required the surety bonds to comply with Treasury regulations and Circulars.

2.  **TORTIOUS AND INTENTIONAL INTERFERENCE
       WITH CONTRACTUAL RELATIONS**

41. Colonial incorporates by reference the above paragraphs as if set forth herein.

42. Denied as a conclusion of law.

43. Denied as a conclusion of law.

44. Denied as a conclusion of law.

45. Denied as a conclusion of law.

46. Denied. These averments are false and erroneous. On the contrary, Northwest knew Colonial had a surety relationship with Horizon and through its reckless misconduct, destroyed that contractual relationship.

47. Denied. These averments are false and erroneous. On the contrary, Northwest knew Colonial had a surety relationship with Horizon and through its reckless misconduct, destroyed that contractual relationship. Once Northwest was advised of its egregious error on March 2, 2005, its refusal to correct its error was wilful and intentional.

48. Denied. These averments are false. On the contrary, Northwest knew Colonial had a surety relationship with Horizon and through its reckless misconduct, it destroyed this contractual relationship. Once Northwest was advised of its egregious error on March 2, 2005, its refusal to correct its error was wilful and intentional.

49. Denied. These averments are false. On the contrary, Northwest knew Colonial had a surety relationship with Horizon and through its reckless misconduct, it deliberately destroyed this contractual relationship. Moreover, directly because of Defendants' denial of Colonial's bond, Colonial lost Horizon as a customer.

50. Denied as an erroneous conclusion of law.[2]

WHEREFORE, Colonial Surety Company respectfully requests that this Honorable Court rule in its favor and deny Northwest Engineering, Inc.'s Motion to Dismiss Count II.

### 3. DEFAMATION

51. Colonial incorporates by reference the above paragraphs as if set forth herein.

52. Denied as a conclusion of law.

53. Denied as a conclusion of law.

54. Denied as a conclusion of law.

55. Denied as a conclusion of law.

56. Denied as a conclusion of law.

57. Denied as a conclusion of law.

58. Denied as an erroneous conclusion of law.

---

[2] Colonial can prove the damages that it suffered because of the loss of Horizon with certainty. With respect to other lost customers and profits, Colonial requires discovery.

59. Denied. The averments are false and erroneous. Colonial's Complaint clearly states a valid cause of action.

60. Admitted. Colonial's additional averments are incorporated herein by reference.

61. Denied. These averments are false. The February 28, 2005 memo was sent to Horizon. Colonial requires discovery regarding other contractors who were informed directly or indirectly of Northwest's libel of Colonial.

62. Denied. These averments state an erroneous conclusion of law. Northwest falsely averred that Colonial, a Pennsylvania surety, could not write surety bonds for its good customer in Pennsylvania.

63. Denied. This is a deliberate falsehood. As Northwest knows, it sent the false and malicious memo to Colonial's customer and the Township.

64. Denied. These averments are false. Northwest falsely claimed that Colonial issued invalid bonds. Nothing could be more defamatory nor slanderous to a surety.

65. Denied as stated. The memo is incorporated herein by reference.

66. Denied as stated. The memo is incorporated herein by reference.

67. Denied. Northwest falsely stated that Colonial's bonds were invalid with the reckless intent to harm Colonial.

WHEREFORE, Colonial Surety Company respectfully requests that this Honorable Court rule in its favor and deny Northwest Engineering, Inc.'s Motion to Dismiss Count III.

### 4. NEGLIGENT MISREPRESENTATION

68. Colonial incorporates by reference the above paragraphs as if set forth herein.

69. Admitted.

70. Denied as a conclusion of law. See Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270 (Pa. 2005); Travelers Casualty & Surety Company v. Dormitory Authority of the State of New York, 2005 W.L. 1177715 (S.D. N.Y. 2005).

71. Denied. These averments are false. On the contrary, Northwest clearly intended Horizon to go to another surety and for the Township to wrongfully reject Colonial's bonds.

72. Admitted. But, Northwest's error was so gross that it constituted recklessness. Furthermore, its actions after March 2, 2005 were wilful and intentional.

73. Denied. These averments are false. Colonial has averred that Northwest acted with recklessness, malice, and intent.

74. Denied. These averments are not relevant.

WHEREFORE, Colonial Surety Company respectfully requests that this Honorable Court rule in its favor and deny Northwest Engineering, Inc.'s Motion to Dismiss Count IV.


DATE: August 26, 2005            By:_____s/Larry L. Miller_____
                                    LARRY L. MILLER
                                    I.D. PA28122
                                    1423 State Road
                                    Duncannon, PA 17020
                                    Telephone: [717]957-2828
                                    e-mail: llmmillerlaw@earthlink.net

<u>VERIFICATION</u>

      I, LARRY L. MILLER, have prepared the foregoing ANSWER TO MOTION TO DISMISS.  The factual statements contained therein are true and correct to the best of my knowledge, information and belief.  I am authorized to make this Verification on behalf of my client, COLONIAL SURETY COMPANY.  The facts set forth in the pleading are based upon my review of the documents and information provided by Colonial Surety Company and/or of which I have personal knowledge as counsel for Colonial Surety Company.

      I declare under penalty of perjury that the foregoing is true and correct.

DATE: August 26, 2005      By:     s/Larry L. Miller
                                         LARRY L. MILLER
                                         I.D. PA28122
                                         1423 State Road
                                         Duncannon, PA 17020
                                         Telephone: [717]957-2828
                                         e-mail: llmmillerlaw@earthlink.net